> On a proceeding to probate a will, on the question of contestant's relationship to deceased and his right to contest, proof of declarations of deceased, his wife, and a deceased brother of the contestant that the latter was a son of a brother of decedent's wife is admissible.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 1152.]

In the matter of the probate of the last will of Edward Fail. Decree rendered.

Edward A. Richards, for petitioner.
Lehman & Telsey, for contestant.

CHURCH, S. On the probate herein the proponent objects to the right of a party claiming to be a son of the deceased to contest the will; it being asserted that he is not a son of the deceased, but a nephew of the deceased's wife, who had predeceased him. This was shown by the testimony of the various members of the family now living, who state that declarations to this effect were made by the deceased, his wife, and a deceased brother of the contestant. The evidence also shows that these declarants alleged that the contestant was the son of one William Parker, a brother of the deceased's wife, and that deceased and his wife had upon William Parker's death taken contestant to live with them, or, as some witnesses say, adopted him. This evidence is competent as declarations as to pedigree. Chase's Steph. Dig. Ev. (2d Ed.) 103; McKelvey Ev. 220; Eisenlord v. Clum, 126 N. Y. 564, 27 N. E. 1024, 12 L. R. A. 836.

The contestant simply states that he is the son of the deceased and was born in Brooklyn. No attempt is made to show that he was the lawfully born child of the deceased, nor is any explanation given of why such testimony is not produced. In fact, the contestant admits that it was claimed he had a brother, Henry Parker. This is insufficient; and, believing the evidence as to pedigree, it is satisfactorily established that contestant is not a lawful child of deceased, and hence is not a proper party to contest his will.

Decreed accordingly.